FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 02 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINNIFRED FOUCHE,

                        Plaintiff,                      **REPORT AND RECOMMENDATION**
   -against-                                               14 CV 752 (NGG)(LB)

ERIC T. SCHNEIDERMAN, MONICA J.
HICKEY-MARTIN, AMY HELD, DIANA
ELKIND, TWAN BOUNDS, ANNA M.
COSCHIGNANO, PATRICIA LEMMA,
DOMINICK DIGENNERO, and JACOB
BERGMAN,

                        Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

    *Pro se* Plaintiff Winnifred Fouche commenced this civil rights action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief as well as compensatory damages for Defendants' attachment of her property in connection with ongoing state-court proceedings. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Honorable Nicholas G. Garaufis referred Defendants' motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636. For reasons set forth below, it is respectfully recommended that Defendants' motion should be granted.

## BACKGROUND

    On July 9, 2013, Plaintiff's daughter, Yolane Fouche, and a number of other individuals and corporate entities (collectively, "criminal defendants"), were indicted in Kings County on Medicaid fraud charges brought by New York State Attorney General Eric T. Schneiderman. (Compl. ¶ 16, Ex. 1, ECF No. 1.) Thereafter, Defendants Diana Elkind and Jacob Bergman, Special Assistant Attorneys General ("SAAG") with the Medicaid Fraud Control Unit ("MFCU"), commenced a civil forfeiture proceeding in New York Supreme Court against the

criminal defendants and several "closely affiliated" parties, including Plaintiff, who were named as non-criminal defendants. (Id., Exs. 2–4.) MFCU investigators Patricia Iemma and Dominick DiGennaro[1] submitted supporting affidavits in the forfeiture proceeding. (Id., Exs. 5, 6.) These affidavits alleged that Plaintiff's daughter Yolane used proceeds from the Medicaid fraud to fund her two businesses, both located at Plaintiff's home in Laurelton, New York, and to pay the personal expenses Plaintiff charged on one of Yolane's corporate credit cards. (Id.) Iemma's affidavit also asserted that Plaintiff used proceeds from the fraud to make mortgage payments on her home. (Id., Ex. 5.) The New York Supreme Court granted the Attorney General's Office an order of attachment, pursuant to which Defendants attached Plaintiff's assets, including her interest in her Laurelton home, her bank accounts, and her credit cards. (Id., Ex. 2.)

Plaintiff commenced this action on February 4, 2014, alleging that Defendants—employees of the New York State Attorney General's Office—violated her rights protected by the First, Fifth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution. (Id.) Specifically, she asserts that she "is a retiree who worked so hard for many years as a single mother" and "did not participate or benefit[] from any alleged criminal activities which implicated her daughter;" that Defendants "acted outside the scope of their jurisdiction;" falsified evidence and perjured testimony offered in support of the civil forfeiture action; and intentionally destroyed her good credit and reputation; and that the New York Supreme Court lacked personal jurisdiction over her as a non-criminal defendant. (Id. ¶¶ 4, 20–22; Opp'n, ECF No. 10, ¶ 3.) She seeks the release of her property from attachment and compensatory damages. (Id.) Defendants move to dismiss the complaint, arguing that Plaintiff's equitable claims are barred by the Younger abstention doctrine as there are related, ongoing proceedings in state

---

[1] Plaintiff's complaint misspells the investigators' names.

2

court, and that Defendants are immune to suit. (Def. Mem., ECF No. 10, Attach. 1.) Plaintiff opposes the motion and Defendants have replied. (ECF Nos. 10, Attachs. 4 (Opp'n), 5 (Reply.)

## DISCUSSION

### I. Standards of Review

#### A. Rule 12(b)(1)

"[W]hen the district court lacks the statutory or constitutional power to adjudicate [a case,]" the court may dismiss it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Makarova v. United States of America, 201 F.3d 110, 113 (2d Cir. 2000). A "'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" Mac Pherson v. State St. Bank & Trust Co., 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (citation omitted). "'On a Rule 12(b)(1) motion, the court may consider matters outside the pleadings, including affidavits, documents, and testimony if necessary.'" Torres v. DeMatteo Salvage Co., Inc., 14-CV-00774 (ADS)(AKT), 2014 U.S. Dist. LEXIS 107188, at *5 (E.D.N.Y. Aug. 4, 2014).[2]

#### B. Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 556 U.S. at 679. Nonetheless,

---

[2] The Clerk of Court is directed to send Plaintiff copies of the attached unreported cases cited herein.

"[w]here, as here, the complaint was filed *pro se*, it must be construed liberally 'to raise the strongest arguments [it] suggest[s].'" Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citation omitted) (alterations in original); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, [], and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citation and internal quotation marks omitted)).

**II. The Younger Abstention Doctrine**

Plaintiff asserts that she had no knowledge of or involvement in the criminal activities Defendants alleged in order to attach her property in the state court proceeding. (Opp'n ¶ 3.) Defendants do not allege that Plaintiff was involved in the criminal activities. Rather, Plaintiff is a non-criminal defendant in a pending civil forfeiture proceeding, see Schneiderman v. Ude, Index No. 12390-2013 (N.Y. Sup. Ct.); and Plaintiff is alleged to have some financial connection to the proceeds of a crime (regardless of whether she knew they were criminal proceeds). Defendants argue that because Plaintiff seeks equitable relief, to enjoin the attachment of her property in the state court proceeding, her claims are barred by Younger v. Harris, 401 U.S. 37, 43–44 (1971).

As Plaintiff notes, federal courts first applied the Younger doctrine to abstain from hearing federal constitutional challenges to ongoing criminal proceedings in state court. Id. However, the Younger doctrine has been extended to preclude challenges to certain ongoing civil proceedings in state court, as well. New Orleans Pub. Serv. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989). This includes "state civil proceedings that are akin to criminal prosecutions," like the civil forfeiture proceeding in which Plaintiff is a non-criminal defendant. Id.; see United States v. Private Sanitation Indus. Ass'n, 44 F.3d 1082, 1087–88 (2d Cir. 1995) (characterizing civil

forfeiture proceedings as quasi-criminal). Therefore, although Plaintiff is not accused of any crime, see N.Y. Crim. Proc. Law § 1310 (McKinney 2014) (defining "non-criminal defendant" as a person with an interest in proceeds of a crime), the Younger doctrine may bar her claim here because Plaintiff is challenging the attachment of her property which is the same issue pending before the state court.

To determine whether Younger applies, the Court must consider whether: "[t]here is (1) 'an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) . . . provide[s] an adequate opportunity to raise [federal] challenges.'" Sprint Communs., Inc. v. Jacobs, 134 S. Ct. 584, 593 (2013). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith . . . and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

As the ongoing state proceeding Plaintiff challenges implicates important state interests and provides Plaintiff an adequate opportunity to raise the challenges she raises here, the Younger elements are satisfied. The state civil forfeiture proceeding to which Plaintiff is a party is pending in state court and serves the state interest of "impeding the success of a criminal enterprise by eliminating its resources and instrumentalities and compensating the government for investigation and enforcement expenses." Sorodsky v. U.S. Att'y, 12-CV-4420 (ARR)(LB), 2012 U.S. Dist. LEXIS 151581, at *15 (E.D.N.Y. Oct. 11, 2012) (quoting Property Clerk v. Small, 582 N.Y.S.2d 932, 936 (N.Y. Sup. Ct. 1992)). Plaintiff may raise her federal constitutional claims as defenses in her civil forfeiture proceeding, and if she is successful, she can obtain the injunctive relief she seeks here: to vacate the state court's attachment order. Id. at *16 (plaintiff could raise her Fourteenth Amendment due process claim as a defense in New

York civil forfeiture proceeding); Small, 582 N.Y.S.2d at 677 (evaluating Eighth Amendment excessive fines claim); Nassau Cnty. v. Bigler, 781 N.Y.S.2d 626 (N.Y. Sup. Ct. 2001) (entertaining Fourteenth Amendment equal protection claim); N.Y. Crim. Proc. Law §§ 1329 (providing procedure for motion to vacate or modify an order of attachment), 1336 (same for a motion to vacate or modify preliminary injunction or temporary restraining order) (McKinney 2014).[3] Finally, there is no evidence that the civil forfeiture action was initiated in bad faith, given that the state prosecutors relied on a sworn affidavit from an MFCU investigator that Plaintiff used credit cards connected to illicit proceeds from her daughter's businesses. (See Compl., Exs. 3 ¶ 8, 5 ¶ 33.) Nor does Plaintiff allege that she will be irreparably harmed if her equitable claims here are dismissed. It is therefore respectfully recommended that the Court should abstain from hearing Plaintiff's claims for declaratory and injunctive relief and that Defendants' motion to dismiss Plaintiff's equitable claims should be granted.[4]

### III. Immunity

The Eleventh Amendment bars an action for damages against a state in federal court and, by extension, bars suits against state officials acting in their official capacity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Defendants are employed by the Attorney General's Office for the State of New York and therefore are state officials immune to suit in their official capacity. Id.;

---

[3] Plaintiff's complaint does not allege how Defendants violated her First Amendment right to petition. (Compl. ¶ 30.) Moreover, there is no independent right provided by the Ninth Amendment. Azor v. City of New York, No. 08 CV 04473 (RJD)(LB), 2012 U.S. Dist. LEXIS 47067, at *13 n.5 (E.D.N.Y. Mar. 30, 2012) ("There is no cause of action under the Ninth Amendment."). Nevertheless, she may assert her constitutional claims in state court.

[4] Dismissal pursuant to the Younger doctrine is appropriate only for Plaintiff's claims to enjoin the continuation of the civil forfeiture proceeding in the New York Supreme Court and to vacate that court's attachment order. "[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues . . . ." Bankhead v. Chu, 10-CV-510 (NGG)(LB), 2010 U.S. Dist. LEXIS 23632, at *9 (E.D.N.Y. Mar. 11, 2010) (quoting Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000)); see also Quackenbush v. Allsate Ins. Co., 517 U.S. 706, (1996) ("[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.").

see also Ferguson v. Mastro, 12 Civ. 4028 (BMC)(LB), 2012 U.S. Dist. LEXIS 119055, at *8 (E.D.N.Y. Aug. 21, 2012) ("[A]ny claim against the New York State Attorney General acting in his official capacity is [] barred by the Eleventh Amendment."). Because Plaintiff sues Defendants only in their official capacities, (Compl. ¶ 4), it is respectfully recommended that Defendants' motion to dismiss Plaintiff's claims for monetary damages should be granted.

Even if Plaintiff intended to sue Defendants in their individual capacities, as she indicates in her opposition, (Opp'n ¶ 17), her claims should be dismissed. Prosecutors have absolute immunity from suit for decisions involving whether to bring charges and performance of litigation-related duties. Ying Jing Gan v. The City of New York, 996 F.2d 522, 536 (2d Cir. 1993). Defendant prosecutors sued herein for initiating Plaintiff's civil forfeiture action are therefore immune from suit. Id. Although Defendant Investigators are not entitled to absolute immunity, because their 11-month criminal investigation is not "intimately associated with the judicial phase of the criminal process," Collins v. City of New York, 923 F. Supp. 2d 462, 472 (E.D.N.Y. 2013), they may establish their entitlement to qualified immunity from suit "based on facts appearing on the face of the complaint," McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). A government official is entitled to qualified immunity "if he did not violate clearly established law or it was objectively reasonable for him to believe that he was not violating clearly established law." Luna v. Pico, 356 F.3d 592, 490 (2d Cir. 2004) (emphasis in original).

Plaintiff alleges that Defendant Investigators "delivered false evidence and perjured testimony to the grand jury that indicted [Plaintiff's] daughter alluding that the proceeds from her non-existing Medicaid fraud scheme was utilized in purchasing [Plaintiff's] home." (Compl. ¶ 20.) Plaintiff alleges that the evidence was false because she purchased her home in 2004 and the alleged Medicaid scheme occurred between 2010 and 2012. (Id. ¶ 27.) Plaintiff misreads the

7

affidavits. First, although Iemma's affidavit asserted that nearly $40,000 in illicit proceeds were used to pay for Plaintiff's home, she did not assert that the proceeds paid for the purchase of Plaintiff's home in 2004, but for subsequent mortgage payments. (Id., Ex. 5 ¶ 64.) Plaintiff does not dispute Iemma's allegation that Yolane contributed to mortgage payments on Plaintiff's home. Her conclusory allegation that the investigators delivered false evidence and perjured testimony to the grand jury does not set forth facts sufficient to overcome the investigators' qualified immunity. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (noting that courts are not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions.") Therefore, based on facts appearing on the face of the complaint, Plaintiff fails to allege that Iemma violated Plaintiff's clearly established rights. See Sira v. Morton, 380 F.3d 57, 68–69 (2d Cir. 2004) (explaining that qualified immunity may be granted on the facts alleged in a complaint "[i]f a reasonable officer could have believed that the challenged conduct was lawful at the time of the violation . . ."). Defendant Investigators are therefore entitled to qualified immunity and Defendants' motion to dismiss Plaintiff's complaint should be granted.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should abstain from hearing Plaintiff's claims for declaratory and injunctive relief. Defendants' motion to dismiss Plaintiff's claims for damages should be granted against the Attorney Generals in their official capacities under the Eleventh Amendment and in their individual capacities because they are absolutely immune. Defendants' motion to dismiss Plaintiff's claim against the investigators should be granted based on qualified immunity.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.                                    /S/ Judge Lois Bloom
                                               LOIS BLOOM
Dated: February 2, 2015                        United States Magistrate Judge
       Brooklyn, New York